**Lance M. BROFMAN, Petitioner–Appellant,**

**Fundamental Portfolio Advisors, Inc. and Fundamental Service Corporation, Petitioners,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent–Appellee.**

No. 05–2549–AG.

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

Lance Brofman, pro se, New York, NY, for Petitioner–Appellant.

Hope Hall Augustini, Senior Litigation Counsel (Giovanni P. Prezioso, General Counsel, Securities and Exchange Commission, and Eric Summergrad, Deputy Solicitor General, on the brief), Washington, DC, for Respondent–Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review of the United States Securities and Exchange Commission's order is **DISMISSED.**

Petitioner–Appellant Lance Brofman ("Brofman") appeals a July 15, 2003 order

of the Securities and Exchange Commission ("SEC"), (1) finding that he aided and abetted fraudulent statements and omissions by Fundamental Portfolio Advisors, Inc. ("FPA") (the registered advisor for Fundamental U.S. Government Strategic Income Fund ("the Fund")), (2) imposing a $250,000 civil penalty, (3) barring him from association with any broker, dealer, investment advisor, or investment company, and (4) ordering him to cease and desist from committing or causing violations or future violations. Brofman was FPA's chief portfolio strategist and the principal portfolio manager of the Fund. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews the factual findings of the SEC under the substantial evidence standard. *MFS Secs. Corp. v. SEC,* 380 F.3d 611, 617 (2d Cir.2004). "The Administrative Procedure Act, which applies to [this Court's] review of the [SEC] order ... provides that a reviewing court shall 'hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting 5 U.S.C. § 706(2)); *see also Markowski v. SEC,* 34 F.3d 99, 105 (2d Cir.1994) (noting that imposition of sanctions is reviewed for an abuse of discretion). The "traditional standard used for judicial review of agency actions ... is deferential, and [this Court] may neither engage in [its] own fact-finding nor supplant the [SEC's] reasonable determination." *Valicenti Adv. Servs., Inc. v. SEC,* 198 F.3d 62, 64–65 (2d Cir.1999) (internal quotations omitted).

■ Substantial evidence supports the SEC's finding that Brofman aided and abetted the making of material misrepre-

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting    by designation.

sentations in the Fund's prospectuses and sales materials. Specifically, the Fund's materials stated that the Fund was a relatively safe and conservative investment— *e.g.*, the Fund's goal was to invest in securities having "high yields with the maximum safety," "minimum risk of principal," and "relative stability of net asset value"— and that its price volatility would be in line with that of a short- or intermediate-term bond fund. In reality, however, the Fund made use of highly risky investment strategies. For example, the Fund invested in aggressive inverse floaters (*i.e.*, a collateralized mortgage obligation, whose return inversely adjusts with changes in the reference interest rate, such as the London Interbank Offered Rate), and utilized substantial amounts of borrowed monies without making timely disclosures of such material changes.

■ (a) Substantial evidence supports the SEC's factual finding that "modified duration methodology" (the technique employed by Brofman to determine the interest rate sensitivity of inverse floaters)— even if it was an industry standard— should not have been utilized by Brofman to measure interest rate sensitivity and price volatility for inverse floaters, because it did not account for important risk factors such as mortgage prepayments. Brofman's argument that he used modified duration methodology in good faith does not affect this result, as his claim assumes the complete absence of any intent or possible motive to deceive, manipulate, or defraud (which the SEC found).

■ (b) Substantial evidence supports the SEC's finding of materiality. A reasonable investor would have considered it important that the Fund was changing its portfolio from one predominately invested in the low-risk securities detailed in the 1993 prospectus and sales literature to a portfolio with a substantial portion of the Fund's assets in inverse floaters that were

highly exposed to interest rate risk and, thus, were highly volatile. *See Basic Inc. v. Levinson*, 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988).

■ (c) There is no doubt that Brofman acted with scienter: he helped write the Fund's material misrepresentations regarding the safety and relative stability of the Fund's net asset value and duration.

Brofman does not challenge the SEC's sanctions order, and therefore any challenge to it is deemed abandoned. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir.2005); Rule 28(a), Fed. R.App. P.

The Court has considered Brofman's remaining arguments and finds them to be without merit. For the foregoing reasons, the petition for review is hereby **DISMISSED**.